IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LANCEY DARNELL RAY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-823-D |
| | ) | |
| TERRY QUISENBERRY, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

## **ORDER**

Plaintiff Lancey Darnell Ray, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Kyle Cabelka, Eric Pfiefer, Lloyd Austin, III, Gerald Neuwirth, Andrew Sibly, Terry Quisenberry, Inas Yacoub, Jordan Cabelka, Eddie Valdez, and Fred Colson Smith, Jr.[1] The matter was referred to United States Magistrate Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On January 26, 2021, the magistrate judge issued a report and recommendation, where he recommended that the Court dismiss Plaintiff's complaint in its entirety. *See* [Doc. No. 14]. Plaintiff timely filed an objection. [Doc. No. 15]. After conducting a *de novo* review of the issues at hand, the Court agrees with the conclusions and recommendations in the report as set forth herein.

---

[1]Plaintiff sued Defendants K. Cabelka, Pfiefer, Austin and Neuwirth in their official capacities, and sued Defendants Sibly, Quisenberry, Yacoub, J. Cabelka, Valdez, and Smith in their individual capacities.

*Discussion*

I. **Defendants K. Cabelka, Pfiefer, and Austin**

The magistrate judge recommends that the claims against Kyle Cabelka, Eric Pfeifer, and Lloyd Austin, III be dismissed without prejudice for failure to state a claim. Plaintiff concedes that, in his complaint, he fails to allege any wrongdoing committed by these Defendants. *See* Obj. to R. & R. at 5 ("Plaintiff agrees with the magistrate judge's report . . . [and] does not allege any violations occurred under the watch of the defendants named above."). Instead, Plaintiff now argues that he "seeks prospective relief to prevent future violations respective to each office" held by these Defendants. *Id.* at 6.

Plaintiff's objection is an attempt to introduce new arguments. But "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, the Court finds that Plaintiff's objection should be overruled.

II. **Defendants Sibly, Yacoub, J. Cabelka, Quisenberry and Valdez**

The magistrate judge recommends that the claims against Andrew Sibly, Inas Yacoub, Jordan Cabelka, Terry Quisenberry and Eddie Valdez be dismissed, as they are either (1) premature pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), or (2) barred by the applicable statute of limitations.[2]

---

[2] The magistrate judge recommends dismissal without prejudice regarding any claims which are premature under *Heck*. As for any time-barred claims, the magistrate judge recommends dismissal with prejudice.

In his complaint, Plaintiff requests relief in the form of "compensatory damages" against Defendants Sibly, Yacoub, Quisenberry, and Valdez, and "additional nominal damages" against Defendants Valdez and J. Cabelka pursuant to 42 U.S.C. § 1983. *See* Compl. [Doc. No. 1 at 30]. In his objection, Plaintiff claims that the magistrate judge improperly applied *Heck* under these circumstances. But Plaintiff's argument is misguided, as *Heck* squarely applies here. In *Heck*, the Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the compliant must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (emphasis in original). Plaintiff, a state prisoner, seeks damages against Defendants Sibly, Yacoub, J. Cabelka, Quisenberry, and Valdez pursuant to § 1983. Thus, the magistrate judge properly applied *Heck* to determine whether Plaintiff's claims against these Defendants were premature.

Plaintiff's argument that the magistrate judge improperly applied the statute of limitations set forth in Okla. Stat. tit. 12, § 95(3) is similarly flawed. Although his claims arise under federal law, it is well settled that the applicable statute of limitations for a claim under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); *see Burkley v. Correctional Healthcare Mgmt. of Okla., Inc.*, 141 F. App'x 714, 715 (10th Cir.

2005) (applying Okla. Stat. tit. 12, § 95(3) to a plaintiff's § 1983 claims).³ For these reasons, the Court finds that these objections should be overruled.

## III. Defendant Neuwirth

The magistrate judge recommends that the claims against former Comanche County District Court Judge Gerald Neuwirth be dismissed under the doctrine of judicial immunity. Plaintiff argues that judicial immunity does not apply because he is seeking injunctive and declaratory relief against Defendant Neuwirth. Specifically, Plaintiff clarifies that he seeks relief in the form of requiring Defendant Neuwirth to "(1) hear his timely filed, pending [motion brought under Okla. Stat. tit. 22, § 994], and (2) address [his] allegation of legally insufficient evidence therein." Obj. to R. & R. at 3. But "[j]udicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983." *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010). To the extent Defendant seeks declaratory relief, his claims also must fail. *See id.* at 866 ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act."); *see also Utah Animal Rts. Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004)

---

³ Plaintiff also disputes the magistrate judge's determination of the accrual date regarding his claims against Defendant Quisenberry, but fails to provide any authority or argument in support of his position. In addition, Plaintiff argues that his claims against Defendant Valdez should be allowed to proceed pursuant to "the Medicine Lodge Treaty of 1867 between the United States and the Kiowa and Comanche Indians," but fails to articulate how this treaty undermines the magistrate judge's determination that Plaintiff's claims are premature under *Heck* or time-barred under the applicable statute of limitations. Obj. to R. & R. at 10.

("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."). Accordingly, the Court finds that Plaintiff's objection should be overruled.

## IV. Defendant Smith

In his report and recommendation, the magistrate judge acknowledged Plaintiff's claim for monetary damages against Defendant Smith "because of his conduct as a supervisor regarding the acts complained of" in the complaint. Compl. at 13. But because Plaintiff "does not explain who Defendant Smith allegedly supervised and what 'acts' he should be held liable for in a supervisory role," the magistrate judge concluded that "the Court need not consider these allegations." R. & R. at 21 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Araphaoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.")).

Although Plaintiff objects to the magistrate judge's recommendation, he fails to present any persuasive argument or authority that would cause the Court to reject the magistrate judge's conclusion. To the extent Plaintiff attempts to introduce new arguments in his objection, the Court again notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall*, 75 F.3d at 1426.

### *Conclusion*

The Court, having conducted a *de novo* review after assessing the entirety of the report and recommendation and the case record, finds that Plaintiff's Objection [Doc. No.

5

15] should be overruled. The Report and Recommendation [Doc. No. 14] is **ADOPTED** as set forth herein.

**IT IS THEREFORE ORDERED** that the following claims are **DISMISSED WITHOUT PREJUDICE:**

- All claims against Defendants K. Cabelka, Austin, and Pfeifer;

- the claim against Defendant Quisenberry that he utilized "inaccurate information" in his probable cause affidavit against Plaintiff, in violation of the Fourth Amendment;

- the claims against Defendant Valdez that he: (a) filed a "duplicitous-disjunctive Amended Information" against Plaintiff in violation of the Fourteenth Amendment; and (b) misled the judge and jury through the introduction of a photograph which Plaintiff claims was prejudicial and in violation of state and federal law;

- the claim against Defendant Smith which alleges that he "prosecuted a charge he knew was not supported by probable cause;" and

- the claim against Defendant Yacoub which alleges that she failed to obtain all of the victim's medical records and radiographs prior to conducting the investigation.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED WITH PREJUDICE:**

- All claims against Defendant Neuwirth;

- the claim against Defendant Sibly;

- the claims against Defendant Quisenberry which allege that he: (a) illegally obtained and disclosed medical records of the victim; (b) described a prayer said by Plaintiff in the detective's investigative report and failed to prevent the report from becoming public in violation of the First Amendment; and (c) "disclosed [the victim's] health information" which "equated to an extrajudicial statement" and exposed Plaintiff to "bad repute;"

- the claims against Defendant J. Cabelka, alleging that he erred by: (a) filing his response to Plaintiff's Application for Post-Conviction Relief in which he stated

there were no issues of material facts which would require an evidentiary hearing; and (b) drafting an order for the district court to sign denying Plaintiff post-conviction relief which stated there were no issues of material fact which would require an evidentiary hearing;

- the claims against Defendant Valdez that he: (a) failed to prevent Detective Quisenberry's report from becoming public, which, in turn, allowed the publication of Plaintiff's "prayer" in a local newspaper, in violation of Plaintiff's First Amendment rights, the Rules of Professional conduct, and state law; and (b) fraudulently drafted an order in response to Plaintiff's Section 994 Motion which amounted to fraud and violated the Rules of Professional Conduct;

- the claim against Defendant Smith that he disclosed or allowed disclosure of the Probable Cause affidavit used in Plaintiff's case which "equated to an extrajudicial statement" that violated the Rules of Professional Conduct and subjected Plaintiff to "bad repute" based on a local newspaper's use of the affidavit in a story regarding the case; and

- the claim against Defendant Yacoub that she lacked jurisdiction to perform the investigation.

A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Brief to Consolidate Actions [Doc. No. 12] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 10th day of March, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge